FILED

2003 OCT 21 P 12: 17

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BROADWAY THEATRE CORP. )
)
)
)
V. ) CIVIL ACTION NO: 3:00-CV-00706 (SRU)
)
)
)
BUENA VISTA PICTURES )
DISTRIBUTION, ET AL. ) OCTOBER 21, 2003

### DEFENDANTS' OBJECTION TO PLAINTIFF'S OCTOBER 10, 2003 MOTION TO EXTEND TIME FOR DISCOVERY

**I.   INTRODUCTION**

Plaintiff Broadway Theatre Corp. ("Plaintiff") filed this lawsuit over three and a half years ago, claiming that Defendants'[1] motion picture distribution practices allegedly violated the Connecticut Unfair Trade Practices Act. Plaintiff's Motion on the eve of a trial calendar call is a significant and transparent attempt to circumvent the Court's previous discovery Orders and to delay trial. Over two and a half years after the expiration of the deadline to conduct written discovery on the issue of liability and less than a month before the parties' Joint Pre-Trial Memorandum is due, Plaintiff is now

**ORAL ARGUMENT REQUESTED**

---

[1] Defendants in this action are Buena Vista Pictures Distribution, Columbia Pictures Industries, Inc., Dream Works Distribution LLC, Lions Gate Films, Inc., Metro-Goldwyn-Mayer Distribution Co., Miramax Film Corp., New Line Cinema Corporation, Paramount Pictures Corporation, Sony Pictures Releasing Corporation, Universal Film Exchanges, Inc., Warner Bros. Distributing, and USA Films LLC.

attempting to propound written requests which would greatly expand the scope of discovery, rendering the recently served experts reports incomplete and requiring many months of additional discovery and great expense before a trial could be scheduled. The proposed requests are inexcusably late, extremely prejudicial and irrelevant, and Plaintiff's Motion should be denied.

## II.     FACTUAL BACKGROUND

This case has been pending since March 24, 2000. As part of the management plan established in this case, the parties proposed and this Court ordered the parties to conduct discovery in three phases: (1) liability discovery, (2) damages discovery and (3) expert discovery. The parties agreed, and this Court ordered that written liability discovery would be completed by May 31, 2001.

On February 5, 2001, Plaintiff served each Defendant with a set of forty-six requests for production of documents, including all subparts. On March 1, 2001, Plaintiff served each Defendant with a set of thirty-two interrogatories on issues of liability. In response to the document requests, each Defendant served timely responses and produced voluminous documents. Defendants also fully responded to all thirty-two interrogatories, notwithstanding the twenty-five interrogatory limitation set forth in Rule 33 of the Federal Rules of Civil Procedure.

On March 31, 2003, almost two years after the Court ordered deadline, Plaintiff served each Defendant with a second set of interrogatories on the issue of liability. Defendants timely served objections to the interrogatories on several bases including,

among others, that the deadline for discovery on the issue of liability had passed almost two years prior, that the interrogatories far exceeded the scope of the allegations contained in the Complaint, and that the interrogatories exceeded the twenty-five interrogatory limit set forth in Rule 33 of the Federal Rules of Civil Procedure. Plaintiff never responded to or took issue with any of the Defendants' objections to these interrogatories.

Defendants were ordered to designate experts by October 15, 2003. In compliance with that order, Defendants designated George L. Priest, Eugene P. Ericksen, D. Barry Reardon and Michael Shanok as trial experts, and provided Plaintiff with reports from these experts. Plaintiff must complete all depositions of Defendants' experts by November 14, 2003. These expert depositions are the <u>only</u> remaining discovery that may be conducted by <u>any</u> party pursuant to the Court's scheduling order.

On October 15, 2003, Plaintiff served its Motion To Extend Time For Discovery.[2] Prior to any ruling by this Court on its Motion, on October 17, 2003, Plaintiff served each Defendant with twenty-five interrogatories and twelve document requests.

The Court has ordered the parties to file a detailed and substantial Joint Pre-Trial Report by November 14, 2003. The parties will appear before the Court on December 9, 2003 to select a trial date and address issues raised in the pre-trial memorandum. The Defendants are now preparing this case for trial. It is therefore inappropriate for Plaintiff now to attempt to roll back the clock by serving an expansive new set of discovery.

---

[2] Although Plaintiff's Motion is dated October 10, 2003, Defendants were actually served with this Motion on October 15, 2003.

### III. PLAINTIFF'S INEXCUSABLY TARDY AND PREJUDICIAL MOTION FOR LEAVE TO PROPOUND IRRELEVANT DISCOVERY REQUESTS SHOULD BE DENIED

#### A. There is no excuse for Plaintiff's two-year delay in propounding this discovery.

Plaintiff stipulated to all deadlines regarding discovery in this case. This Court ordered them and the Defendants prepared their case in reliance on them. The Defendants responded to Plaintiff's initial interrogatories and production requests in a timely manner. The Defendants also objected to Plaintiff's March 31, 2003 discovery requests in a timely manner. Plaintiff had every opportunity to bring its arguments regarding Defendants' objections to this Court at that time. Plaintiff failed to do so.

#### B. Permitting Plaintiff to propound discovery on the issue of liability at this late date would severely prejudice Defendants and delay the trial of this case.

The liability discovery now sought by Plaintiff does not, as claimed by Plaintiff, merely seek updated responses to earlier requests; rather, it seeks to expand Plaintiff's discovery to entirely new markets never mentioned in Plaintiff's Complaint. Defendants have spent years preparing to defend Plaintiff's case as it has been asserted for the last three and a half years, including taking damages discovery, retaining experts, conducting expert and factual defense analyses of the liability record, and preparing to refute Plaintiff's claims in the weeks remaining prior to and at trial. To permit Plaintiff to now reopen liability discovery would necessarily require Defendants to redo, or at least

modify, all of that work, at enormous additional expense. Defendants would also require reopening of liability discovery against Plaintiff.

## IV. **CONCLUSION**

Defendants have defended this case on the basis of the allegations contained in Plaintiff's March 2000 Complaint and this Court's scheduling orders. To allow Plaintiff's belated and disingenuous attempt to expand and extend discovery would be grossly unfair and prejudicial to Defendants, as well as delay the trial.

For the foregoing reasons, Plaintiff's Motion to Extend Time for Discovery must be denied.

THE DEFENDANTS

By _____
Richard W. Bowerman (ct 04181)
Ben A. Solnit (ct 00292)
Elizabeth K. Andrews (ct 20986)
Tyler Cooper & Alcorn, LLP
205 Church Street
Post Office Box 1936
New Haven, Connecticut 06509

(203) 784-8200
(203) 777-1181 (fax)
e-mail: bowerman@tylercooper.com
        solnit@tylercooper.com
        eandrews@tylercooper.com

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing was served via facsimile transmittal and first-class mail on October 23, 2003 to the following:

Peter C. Spodick, Esquire
592 Central Avenue
New Haven, Connecticut 06515

                                                      Elizabeth K. Andrews (ct 20986)