UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 22  P 12:00

US

| BROADWAY THEATRE CORP. | ) | |
|---|---|---|
| | ) | |
| V. | ) | CIVIL ACTION NO: 300-CV00706 (SRU) |
| | ) | |
| BUENA VISTA PICTURES DISTRIBUTION, ET AL. | ) OCTOBER 22, 2003 | |

**PLAINTIFF BROADWAY THEATRE CORPORATION'S REPLY
TO DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION TO EXTEND TIME FOR DISCOVERY**

    The Plaintiff's Motion asks this Court for fairness, that "more than two and one-half years have passed since the closing date…The information sought by the Plaintiff was sufficient within the 2001 time frame, but is now necessarily out of date."

    The issues addressed by the instant interrogatories are essentially "clearance" and "substantial competition." They are strongly present in this Court's ruling on September 19, 2002, on Defendants' failed Motion for Summary Judgment. They are strongly present in the Defendants' "Expert" reports. The Plaintiff is not presenting a "new" issue. The September 19, 2002, ruling, and the highlighting of these issues, occurred nearly one and one-half years after the original closing date for discovery. To properly address them, at any point, whether in October, 2002, or October, 2003, would require a Motion to Extend Time For Discovery. That Motion is presently before this Court. The Plaintiff's filing allows for compliance, within Rules 33 and 34, with this Court's order that "All discovery shall be completed by November 14, 2003."

    The Defendants make reference to the Plaintiff's prior Request(s) for Answers to Interrogatories. On March 1, 2001, the Plaintiff served 14 interrogatories. Each question was met with objection and only 7 were responsively answered. On March 31, 2003, the Plaintiff served 23 interrogatories. Each question was met with objection and was not answered. On October 10, 2003, Plaintiff filed its Motion to Extend, followed by 25 Interrogatories on October 15, 2003. These interrogatories were met with objection and are presently unanswered.

Beyond objection, the Defendants have responsively answered only 7 interrogatories. Four defense attorneys have appeared in this case. They have not been harried or burdened.

The Defendants' Objection incorrectly states, in part, "discovery now sought by Plaintiff does not, as claimed by the Plaintiff, merely seek updated responses to earlier requests..." This is not what the Plaintiff said. The Plaintiff correctly said, in its Motion: "The intended request for production of documents will present no surprise to the Defendants; it is precisely the same single request made in 2001, but updated from the January 31, 2001 closing date." The current Request for Production contains only 12 requests, which were verbatim presented to the Defendants, and answered by them, in 2001. The Plaintiff only seeks to be updated and current.

Respectfully requested by

THE PLAINTIFF

BROADWAY THEATRE CORPORATION


By: *[signature]*
Peter C. Spodick  ct 408103
592 Central Avenue
New Haven,
Connecticut
06515

203 387 5714

## CERTIFICATION OF SERVICE

The defendant certifies that a copy of this Reply to Defendants' Objection was hand delivered this day, October 22, 2003, to the Defendants:

Elizabeth Andrews, Esq.
Richard Bowerman, Esq.
205 Church Street
New Haven, Connecticut
06510


The Plaintiff

By: *[signature]*


Peter C. Spodick
592 Central Avenue
New Haven,
Connecticut
06515

203 387 5714
203 389 5732  (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BROADWAY THEATRE CORP. | ) |
| | ) |
| | ) |
| | ) |
| V. | ) CIVIL ACTION NO: 300-CV00706 (SRU) |
| | ) |
| | ) |
| | ) |
| BUENA VISTA PICTURES | ) |
| DISTRIBUTION, ET AL. | ) OCTOBER 15, 2003 |

REQUEST OF PLAINTIFF BROADWAY THEATRE CORPORATION FOR
ANSWERS TO INTERROGATORIES BY DEFENDANT
BUENA VISTA PICTURES DISTRIBUTION

Pursuant to rule 33 of the federal Rules of Civil procedure, the Plaintiff, Broadway Theatre Corporation, requests that Defendant Buena Vista Pictures Distribution provide answers to the following interrogatories. The Defendant is to make its response to this Request no later than 30 days after this Request is served.

THE PLAINTIFF

Broadway Theatre Corporation

By _____
Peter Spodick (ct 408103)
592 Central Avenue
New Haven, Connecticut 06515
203 387 5714
203 389 5732 (fax)

1. Name, title and business address of the individual answering these interrogatories.

Questions 2 through 5 concern cinemas or cinema complexes in Massachusetts and New York. Please provide the following information concerning cinemas or cinema complexes which, since June 1, 1997, are or have been restricted by "clearance" in your company's exhibition contracts, and are at least 7 miles from the cinema or cinema complex benefiting from the clearance.

2. The name and address of any such restricted cinema or cinema complex, and of the owner/operator of such cinema or complex.

3. The name and address of any cinema or cinema complex possessing, or having possessed, clearance over a cinema or cinema complex noted in 2 (above), and of the owner/operator of such cinema or complex.

4. Regarding 2 and 3 (above,) the travel distance separating the cinemas or cinema complexes possessing the clearance, and the cinemas or complexes which are, or have been, restricted by clearance.

Questions 5 through 7 concern cinemas in Connecticut only. Please provide the following information regarding each cinema or cinema complex which is, or has been, restricted by clearance in your company's exhibition licensing contracts from June 1, 1997, until the present date.

5. The name and address of any such cinema or cinema complex restricted by clearance, and of the owner/operator of such cinema or cinema complex.

6. The name, address and of any cinema or cinema complex benefiting from such clearance, and of the owner/operator of such cinema or cinema complex.

7. Regarding 5 and 6 (above,) the travel distance separating any cinema or cinema complex possessing or having possessed a clearance, and the cinema or cinema complex which is, or has been, restricted by clearance.

8. Identify the documents your company keeps which typically present or memorialize the terms and conditions of each individual cinema contract licensing a film for exhibition in Connecticut.

9. Identify the titles of documents or forms your company uses to record specific findings of "substantial competition" concerning cinemas or complexes which possess, or benefit from, clearances, and cinemas or complexes which are restricted by clearances.

10. Does your company assert that all exhibition licensing contracts which stipulate clearances concern cinemas or cinema complexes which are in "substantial competition"?

11. Identify what records or documents or forms your company keeps of cinemas or cinema complexes which are in "substantial competition."

12. Identify the titles of records or documents or forms your company uses to record specific findings of lack of "substantial competition."

13. Does your company request, from the owners or operators of cinemas or complexes which possess or benefit from a clearance in an exhibition licensing agreement, a written or documented assertion claiming the presence of "substantial competition?"

14. Describe the procedure your company uses to determine the presence of "substantial competition" prior to stipulating a clearance in an exhibition licensing agreement.

15. Regarding 14 (above), what are the titles of any documents which detail the procedure your company uses when determining the presence of "substantial competition?"

16. Describe the circumstances or conditions or requirements for a clearance in an exhibition licensing agreement to be stipulated at the request of your company.

17. Is a clearance in your company's exhibition licensing agreements typically stipulated at the request of cinemas or complexes, (including the owners and operators of such cinemas or complexes,) which possess, or benefit from, such clearances?

18. If your company requires that such a request be in writing, provide the title of the document, or specific form, if any, on which such a request is to be presented.

19. Regarding 18 (above,) if requests for clearances are in writing or are documented, provide the names, titles and business addresses of individuals in your company who possess any such writings or documents which, since January 1, 1993, present a request for a clearance restricting the York Square Cinema.

Questions 20-25 specifically concern the Plaintiff's York Square Cinema and any of the "Showcase Cinema" or Milford Fourplex cinema complexes located in North Haven, Orange and Milford by National Amusements.

20. Name and describe any documents, including their date, used or relied upon by your company to demonstrate the presence of "substantial competition" between the York Square Cinema and any of the above-named National Amusements complexes between January 1, 1993, and the present date.

21. Present the titles of documents or forms used by your company to record specific findings of substantial competition between any of the above-named National Amusements complexes and the York Square Cinema.

THE PLAINTIFF

Broadway Theatre Corporation

By _____
Peter Spodick (ct 408103)
592 Central Avenue
New Haven, Connecticut 06515
203 387 5714
203 389 5732 (fax)

CERTIFICATION OF SERVICE

The defendant certifies that a copy of this Request for Answers to Interrogatories was hand delivered this day, October 15, 2003, to the Defendants:

Elizabeth Andrews, Esq.
Richard Bowerman, Esq.
205 Church Street
New Haven, Connecticut
06510

The Plaintiff

By: *[signature]*

Peter C. Spodick
592 Central Avenue
New Haven,
Connecticut
06515

203 387 5714
203 389 5732 (fax)