UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BROADWAY THEATRE CORP. | ) <br> ) <br> ) <br> ) |
| V. | ) CIVIL ACTION NO: 300-CV00706 (SRU) <br> ) <br> ) <br> ) |
| BUENA VISTA PICTURES <br> DISTRIBUTION, ET AL. | ) <br> ) OCTOBER 15, 2003 |

**REQUEST OF THE PLAINTIFF BROADWAY THEATRE CORPORATION
FOR PRODUCTION OF DOCUMENTS BY DEFENDANT
COLUMBIA PICTURES INDUSTRIES, INC.**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff, Broadway Theatre Corporation, asks that Defendant COLUMBIA PICTURES INDUSTRIES, INC. produce all documents sought by the Plaintiff in this Request. The Defendant is to provide such documents no later than 30 days after this Request is served.

The Plaintiff states that each part of this Request is contained within the Plaintiff's Request for Production answered by the Defendant by May 30, 2001. The Plaintiff seeks only those documents which reflect the period between May 30, 2001, and September 30, 2003. Where appropriate, Plaintiff will agree to the entry of a Protective Order or Confidentiality Agreement.

THE PLAINTIFF

Broadway Theatre Corporation

By _[signature]_
Peter Spodick (ct 408103)
592 Central Avenue
New Haven, Connecticut 06515
203 387 5714
203 389 5732 (fax)

1. All documents of communication between Plaintiff and Defendant concerning the claims in the Plaintiff's complaint.

2. All documents of communication between Defendant and any other film distribution company, or such company's officers, agents or employees, concerning the Plaintiff's complaint or the facts alleged in the Plaintiff's complaint.

3. All documents of communication between Defendant and National Amusements, doing business in Connecticut as "Showcase Cinemas," or any officer, agent or employee of National Amusements, concerning the Plaintiff or the facts alleged in the plaintiff's complaint.

4. All documents of communication between defendant and any employee, agent or representative of any state or federal agency concerning the Plaintiff or the facts alleged in the Plaintiff's complaint.

5. All documents of communication between defendant and Hoyt's Cinemas, or any officer, agent or employee of Hoyt's Cinemas, concerning the Plaintiff or the facts alleged in the Plaintiff's complaint.

6. All documents of communication between Defendant and the City of New Haven, or any agent, representative or employee of the City of New Haven.

7. Any documents which show Defendant's definition of the distribution district or "territory" known as "New Haven."

8. Any documents which present a statement of Defendant's standards or qualifications for any theatre which seeks a license for the exhibition of first-run films in the distribution district or territory known as "New Haven."

9. Relating to request #8, any documents which present Defendant's record of the standards or qualifications of all theatres which have requested a license for the exhibition of first-run films in the distribution district or territory known as "New Haven."

10. All documents of studies or analyses commissioned by, or possessed by, Defendant, of the distribution district or territory known as "New Haven," including, but not limited to:

a. population demographics
b. travel patterns of movie-goers
c. public transportation available to movie-goers
d. public transportation usage by movie-goers; and
e. attendance by, and film preferences of, Yale University students.

11. The exhibition contract for each motion picture licensed to play at the Showcase Orange, Showcase North Haven, Milford Fourplex and the Showcase Milford.

12. With respect to each booking for the Showcase Orange, Showcase North Haven, Milford Fourplex and Showcase Milford, all documents sufficient to show:

a. the name of the motion picture
b. the playdates of the motion picture
c. the weekly boxoffice gross of the motion picture
d. the screen(s) upon which the motion picture was exhibited
e. the license or rental fees stipulated in the booking contract
f. the weekly license or rental fees paid for exhibiting such motion picture
g. the presence of a clearance, if such is a part of the booking contract

## CERTIFICATION OF SERVICE

The defendant certifies that a copy of this Request for the Production of Documents was hand delivered this day, October 15, 2003, to the Defendants:

Elizabeth Andrews, Esq.
Richard Bowerman, Esq.
205 Church Street
New Haven, Connecticut
06510


The Plaintiff

By: *[signature]*


Peter C. Spodick
592 Central Avenue
New Haven,
Connecticut
06515

203 387 5714
203 389 5732  (fax)

**APPENDED ARE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS SERVED BY THE PLAINTIFF ON THE DEFENDANTS MARCH 30, 2001. EACH DOCUMENT WAS IDENTICAL FOR EACH OF THE DEFENDANTS.**

**APPENDED ARE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS SERVED BY THE PLAINTIFF ON THE DEFENDANTS MARCH 30, 2001. EACH DOCUMENT WAS IDENTICAL FOR EACH OF THE DEFENDANTS.**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROADWAY THEATRE CORP. | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO: 3:00-CV-00706 (SRU) |
| | ) | |
| BUENA VISTA PICTURES DISTRIBUTION, COLUMBIA PICTURES INDUSTRIES, INC., DREAMWORKS DISTRIBUTION L.L.C., LIONS GATE FILMS INC., METRO-GOLDWYN-MAYER DISTRIBUTION CO., MIRAMAX FILM CORP., NEW LINE CINEMA CORPORATION, PARAMOUNT PICTURES CORPORATION, SONY PICTURES RELEASING CORPORATION, UNIVERSAL FILM EXCHANGES, INC., WARNER BROS. DISTRIBUTING, AND USA FILMS, LLC | ) | MAY 30, 2001 |

**RESPONSES OF DEFENDANT PARAMOUNT PICTURES CORPORATION TO
REQUEST FOR PRODUCTION OF DOCUMENTS
OF PLAINTIFF BROADWAY THEATRE CORPORATION**

Responses of defendant Paramount Pictures Corporation (hereinafter "Paramount") to Plaintiff's Request for Production of Documents.

## GENERAL OBJECTION TO ALL REQUESTS FOR PRODUCTION

Paramount objects to each request to the extent that such request seeks documents protected by the Attorney / Client Privilege and Attorney Work Product Doctrine.

1. All documents of communication between plaintiff and defendant.

**OBJECTION:** This request is objected to as being overly broad and vague, unduly burdensome and requests documents not reasonably calculated to lead to the discovery of admissible evidence. For example, as drafted, response to this request would require the production of numerous irrelevant documents such as shipping records, invoices, etc. Answering further, Paramount agrees to produce all correspondence or communications between it and the plaintiff concerning the plaintiff's claims in this case and its defenses thereto.

2. All documents of communication between defendant and any other film distribution company, or such company's officers, agents or employees, concerning the plaintiff or the facts alleged in the plaintiff's complaint.

**OBJECTION:** This request is objected to as being overly broad and vague, unduly burdensome and requests documents not reasonably calculated to lead to the discovery of admissible evidence. To the extent that any such documents exist, Paramount objects on the ground that such documents are protected by the Attorney / Client Privilege and Attorney Work Product Doctrine. Answering further, Paramount has no knowledge of the existence of any such documents concerning the plaintiff's claims in this case excepting those objected to above.

2

3.   All documents of communication between defendant and the National Association of Theatre Owners, or any of its officers, agents or employees, concerning the plaintiff or the facts alleged in the plaintiff's complaint.

**OBJECTION:** **This request is objected to as being overly broad and vague, unduly burdensome and requests documents not reasonably calculated to lead to the discovery of admissible evidence. Answering further, to the extent that this request is limited to documents concerning the plaintiff's claims in this case, or defenses of Paramount thereto, such documents, if any, will be produced.**

4.   All documents of communication between defendant and National Amusements, doing business in Connecticut as "Showcase Cinemas," or any officer, agent or employee of National Amusements, concerning the plaintiff or the facts alleged in the plaintiff's complaint.

**OBJECTION:** **This request is objected to as being overly broad and vague, unduly burdensome, requires interpretation of ambiguous terms and requests documents not reasonably calculated to lead to the discovery of admissible evidence. Answering further, to the extent that this request is limited to documents concerning the plaintiff's claims in this case, or defenses of Paramount thereto, such documents, if any, will be produced.**

5.   All documents of communication between defendant and any employee, agent or representative of any state or federal agency concerning the plaintiff or the facts alleged in the plaintiff's complaint.

**OBJECTION:** **This request is objected to as being overly broad and vague, unduly burdensome and requests documents not reasonably calculated to lead to the discovery of admissible evidence. Answering further, to the extent that this request is limited to documents concerning the plaintiff's claims in this case, or defenses of Paramount thereto, such documents, if any, will be produced.**

6.  All documents of communication between defendant and Hoyt's Cinemas, or any officer, agent or employee of Hoyt's Cinemas, concerning the plaintiff or the facts alleged in the plaintiff's complaint.

**OBJECTION:**  **This request is objected to as being overly broad and vague, unduly burdensome, requires interpretation of ambiguous terms and requests documents not reasonably calculated to lead to the discovery of admissible evidence. Answering further, to the extent that this request is limited to documents concerning the plaintiff's claims in this case, or defenses of Paramount thereto, such documents, if any, will be produced.**

7.  All documents of communication between defendant and Entertainment Cinemas, or any officer, agent or employee of Entertainment Cinemas, concerning the plaintiff or the facts alleged in the plaintiff's complaint.

**OBJECTION:**  **This request is objected to as being overly broad and vague, unduly burdensome, requires interpretation of ambiguous terms and requests documents not reasonably calculated to lead to the discovery of admissible evidence. Answering further, to the extent that this request is limited to documents concerning the plaintiff's claims in this case, or defenses of Paramount thereto, such documents, if any, will be produced.**

8.  All documents of communication between defendant and the City of New Haven, or any agent, representative or employee of the City of New Haven.

**OBJECTION:**  **This request is objected to as being overly broad and vague, unduly burdensome and requests documents not reasonably calculated to lead to the discovery of admissible evidence. Answering further, to the extent that this request is limited to documents concerning the plaintiff's claims in this case, or defenses of Paramount thereto, such documents, if any, will be produced.**

4

9. All documents of communication between defendant and any Connecticut municipality, or its agent, representatives or employees, concerning the plaintiff of the facts alleged in the plaintiff's complaint.

**OBJECTION:** **This request is objected to as being overly broad and vague, unduly burdensome and requests documents not reasonably calculated to lead to the discovery of admissible evidence. Answering further, to the extent that this request is limited to documents concerning the plaintiff's claims in this case, or defenses of Paramount thereto, such documents, if any, will be produced.**

10. Any documents which show defendant's definition of the distribution district or "territory" known as "New Haven" as defined on January 1, 1995, and any documents which show changes in that definition since January 1, 1995.

**OBJECTION:** **This request is objected to as being overly broad and vague, requires interpretation of ambiguous, indefinite terms, assumes facts not in evidence, and requests documents not reasonably calculated to lead to the discovery of admissible evidence. See also Paramount's response to Request for Production No. 14.**

11. Any documents which show defendant's definition of all of the distribution districts or "territories" in Connecticut as defined on January 1, 1995, and any documents which show changes in those definitions since January 1, 1995.

**OBJECTION:** **This request is objected to as being overly broad and vague, requires interpretation of ambiguous, indefinite terms, assumes facts not in evidence and requests documents not reasonably calculated to lead to the discovery of admissible evidence.**

12.  Any documents which present a statement of defendant's standards or qualifications for any theatre which seeks a license for the exhibition of first-run films in the distribution district or territory known as "New Haven".

**OBJECTION:** **This request is objected to as being overly broad and vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, Paramount will produce documents, if any, that are a statement of its licensing standards or qualifications for theatres in the New Haven territory, as defined in plaintiff's complaint.**

13.  Relating to Request #12, any documents which present defendant's record of the qualifications of all theatres which have requested a license for the exhibition of first-run films in the distribution district or territory known as "New Haven".

**OBJECTION:** **This request is objected to as being overly broad and vague, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Answering further, to the extent documents exist which merely set forth facts or information about a theater (number of screens, location etc.) such production is objected to as being as equally or as readily available to the plaintiff or its booker as it is to this defendant. To the extent that this request can be interpreted as seeking documents relative to grossing histories for motion pictures licensed by Paramount, such documents will be provided in response to subsequent requests, subject to the entry of an appropriate Protective Order and/or Confidentiality Agreement. To the extent that this request can be interpreted as seeking documents relative to grossing histories for motion pictures licensed to theaters by distributors other than Paramount, such documents are objected to as that information is equally available to the plaintiff or its booker.**