14. All documents of studies or analyses commissioned by, or possessed by, defendant of the distribution district or territory known as "New Haven", including, but not limited to:

    a. population demographics;
    b. travel patterns of moviegoers;
    c. public transportation available to moviegoers;
    d. public transportation usage by moviegoers; and
    e. attendance by, and film preferences of, Yale University students.

**OBJECTION:** **See Objection to Request for Production No. 10. Answering further, to the extent that Paramount has any studies or analyses of items a through e, for the New Haven territory as defined in plaintiff's complaint, they shall be produced.**

15. The exhibition contract for each motion picture licensed to play at the Showcase Orange, Showcase North Haven, the Milford Fourplex and the Milford Showcase.

**RESPONSE:** **Subject to the entry of an appropriate Protective Order and/or Confidentiality Agreement, Paramount will produce, to the extent available, documents responsive to this request.**

16. With respect to each booking for the Showcase Orange, the Showcase North Haven, the Milford Fourplex and the Milford Showcase, all documents sufficient to show:

    a. the name of the motion picture;
    b. the playdates of the motion picture;
    c. the weekly boxoffice gross of the motion picture;
    d. the screen upon which the motion picture was exhibited;
    e. the license or rental fees stipulated in the booking contract;
    f. the weekly license or rental fees paid for exhibiting such motion picture; and
    g. the presence of a clearance, if such is a part of the booking contract.

**RESPONSE:** **Subject to the entry of an appropriate Protective Order and/or Confidentiality Agreement, Paramount will produce, to the extent available, documents sufficient to provide information responsive to this request.**

7

17.     The exhibition contract for each motion picture licensed to play at Hoyt's Cinemas, Branford, Connecticut.

**RESPONSE:**     **Subject to the entry of an appropriate Protective Order and/or Confidentiality Agreement, Paramount will produce, to the extent available, documents responsive to this request.**

18.     With respect to each motion picture licensed to play at Hoyt's Cinemas, Branford, Connecticut, all documents sufficient to show:

    a.     the name of the motion picture;
    b.     the playdates of the motion picture;
    c.     the weekly boxoffice gross of the motion picture;
    d.     the screen upon which the motion picture was exhibited;
    e.     the license or rental fees stipulated in the booking contract;
    f.     the weekly license or rental fees paid for exhibiting such motion picture; and
    g.     the presence of a clearance, if such is a part of the booking contract.

**RESPONSE:**     **Subject to the entry of an appropriate Protective Order and/or Confidentiality Agreement, Paramount will produce, to the extent available, documents sufficient to provide information responsive to this request.**

19.     The exhibition contract for each motion picture licensed to play at Entertainment Cinemas, Seymour, Connecticut.

**OBJECTION:**     **This request seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Answering further, subject to the entry of an appropriate Protective Order and/or Confidentiality Agreement, Paramount will produce, to the extent available, documents responsive to this request.**

20.	With respect to each motion picture licensed to play at Entertainment Cinemas, Seymour, Connecticut, all documents sufficient to show:

    a.	the name of the motion picture;
    b.	the playdates of the motion picture;
    c.	the weekly boxoffice gross of the motion picture;
    d.	the screen upon which the motion picture was exhibited;
    e.	the license or rental fees stipulated in the booking contract;
    f.	the weekly license or rental fees paid for exhibiting such motion picture; and
    g.	the presence of a clearance, if such is a part of the booking contract.

**OBJECTION:** **This request seeks documents not reasonably calculated to lead to the discovery of admissible evidence. Answering further, subject to the entry of an appropriate Protective Order and/or Confidentiality Agreement, Paramount will produce, to the extent available, documents responsive to this request.**

9

DEFENDANT
PARAMOUNT PICTURES CORPORATION


By: _____
Richard W. Bowerman   ct 04181
Ben A. Solnit  ct 00292
Tyler Cooper & Alcorn, LLP
205 Church Street
Post Office Box 1936
New Haven, Connecticut 06509

(203) 784-8200
(203) 777-1181 (fax)

## CERTIFICATE OF SERVICE

This is to certify that the original of the foregoing was hand-delivered on May 30, 2001 to the following:

Peter C. Spodick, Esquire
c/o E and A Bookkeeping
8 Hazel Terrace
Woodbridge, Connecticut 06525

Richard W. Bowerman ct 04181

11

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROADWAY THEATRE CORP. | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO: 3:00-CV-00706 (SRU) |
| | ) | |
| BUENA VISTA PICTURES DISTRIBUTION, COLUMBIA PICTURES INDUSTRIES, INC., DREAMWORKS DISTRIBUTION L.L.C., LIONS GATE FILMS INC., METRO-GOLDWYN-MAYER DISTRIBUTION CO., MIRAMAX FILM CORP., NEW LINE CINEMA CORPORATION, PARAMOUNT PICTURES CORPORATION, SONY PICTURES RELEASING CORPORATION, UNIVERSAL FILM EXCHANGES, INC., WARNER BROS. DISTRIBUTING, AND USA FILMS, LLC | ) | MAY 30, 2001 |

### RESPONSES AND OBJECTIONS OF
### PARAMOUNT PICTURES CORPORATION
### TO PLAINTIFF'S INTERROGATORIES

Defendant Paramount Pictures Corporation ("Paramount") hereby responds to Plaintiff's Interrogatories as follows:

1.  Provide the name, title, and office address of the individual providing these responses. Also provide this individual's employment history since March 1, 1981.

**OBJECTION:**  This interrogatory is objected to as being overly broad and seeking information not reasonably calculated to lead to the discovery of admissible evidence. Answering further, subject to and without waiver of the objection, the name, title and business address of the individual signing these responses on behalf of Paramount is Paul D. Springer, Esquire, Sr. Vice President, Assistant General Counsel, Paramount Pictures, 5555 Melrose Avenue, Hollywood, California 90038-3197.

2.  Fully define the word "exclusive" when used by your company in a contract document licensing the exhibition of a film.

**OBJECTION:**  This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, requires interpretation of ambiguous terms and assume facts not in evidence. Answering further, subject to and without waiver of the objection, plaintiff is referred to Paramount's Master License Agreement, which speaks for itself.

3.  Fully define the word "clearance" when used by your company in a contract document licensing the exhibition of a film.

**OBJECTION:**  This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, requires interpretation of ambiguous terms and assumes facts not in evidence. Answering further, subject to and without waiver of the objection, plaintiff is referred to Paramount's Master License Agreement, which speaks for itself.

4.  Fully define the terms "first run," "second run," "later run," "augmented run," "subsequent run" and "moveover" when used by your company in the contract document granting a license for the exhibition of a film in the district or territory known as New Haven.

**OBJECTION:**  **This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, requires interpretation of ambiguous terms and assumes facts not in evidence. Answering further, subject to and without waiver of the objection, plaintiff is referred to Paramount's Master License Agreement, which speaks for itself.**

5.  Explain the form of notice your company provides to all theaters in the district or territory known as New Haven when the following is about to occur: a second run, later run, augmented run, subsequent run or moveover.

**OBJECTION:**  **This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, requires interpretation of ambiguous terms and assumes facts not in evidence. Answering further, subject to and without waiver of the objection, generally any notice would be oral.**

6.  Define the towns and theaters included in the release district or territory known as "New Haven," beginning on January 1, 1995, with any changes from that time until the present. Indicate whether any New Haven theatre or theater complex is simultaneously a part of another release district or territory, and name such district or territory.

**OBJECTION:**  **This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, requires interpretation of ambiguous terms and assumes facts not in evidence.**

3

7.  Present the title of all films licensed by your company in the district or territory known as New Haven, whose exhibition licensing contract documents include or stipulate a clearance or an exclusive run since January 1, 1995. If all such contracts include or stipulate a clearance, simply answer, "all contracts stipulate a clearance." If all such contracts stipulate an exclusive run, simply answer, "all contracts are for an exclusive run."

**OBJECTION:** **This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, requires interpretation of ambiguous terms and assumes facts not in evidence. Answering further, subject to and without waiver of the objection, plaintiff is referred to Paramount's Master License Agreement, which speaks for itself.**

8.  Relating to question No. 7, indicate which theatres or complexes are stipulated in the contract documents of the cited films as being subject to a clearance or exclusive run, and precluded from exhibiting such picture(s). Please state which theatre the exhibition contract document stipulates as having received the license to play such picture(s). If such theatre is part of a multi-screen complex, please indicate the number of the screen where such film is licensed to play.

**OBJECTION:** **This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, requires interpretation of ambiguous terms and assumes facts not in evidence. Answering further, subject to and without waiver of the objection, see response to Interrogatory No. 7.**

9.  Identify the names, titles and business address of all employees who supervise, direct or have any participation in the booking and licensing process for films offered for exhibition since January 1, 1995, in the district or territory known as New Haven

**OBJECTION:** **This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, requires interpretation of ambiguous terms and assumes facts not in evidence. Answering further, subject to and without waiver of the objection, the name of the individual since March 1998 presently most knowledgeable about the licensing of motion pictures to theaters identified in Plaintiff's Complaint is Michael Share, Eastern District Manager, Paramount Pictures, 1633 Broadway, 11th Floor, New York, New York 10019-6783. Prior to February 1999: Tom Molen, Boston/New Haven Branch Manager, New York, New York.**

4

10. Relating to question No. 9, provide the employment history of the named employees since March 1, 1981.

**OBJECTION:** This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, is overly burdensome and seeks information not properly obtained by way of interrogatories.

11. Identify the names, titles and business addresses of all persons who, since January 1, 1995, have had any participation in the booking and licensing process with your company when representing Hoyt's Cinemas, National Amusements and Entertainment Cinemas in the district or territory known as New Haven.

**OBJECTION:** This interrogatory is objected to as being overly broad and vague, seeks information not reasonably calculated to lead to the discovery of admissible evidence, requires interpretation of ambiguous terms and assumes facts not in evidence. Answering further, subject to and without waiver of the objection, the names of the individuals since March 1998 responsible for the booking of motion pictures for theaters identified in Plaintiff's Complaint as being owned/operated by: Hoyt's Cinemas - Judd Parker, Peter Wright and Frank McGowan; National Amusements – Steve Cooper and George Levitt; and, Entertainment Cinemas – Marty Zides.

12. If any meeting, discussion, consultation, cooperation or inquiry of any kind has occurred between your company and the employees, officers or agents or any other film distribution company concerning the plaintiff or the plaintiff's complaint, disclose:

    a. The names of the participants
    b. The names of the companies
    c. The dates of any such communication
    d. The substance of any such communication
    e. The place where such communication occurred
    f. The existence of any memoranda memorializing such communication

**OBJECTION:** The interrogatory is objected to as being overly broad and vague, and seeking information protected by the Attorney/Client Privilege, Attorney Work Product Doctrine and Joint Defense Privilege. Answering further, subject to and without waiver of the objection, other than above-protected communications, none.

13.   If any meeting, discussion, consultation, cooperation or inquiry of any kind has occurred between your company and representatives of any municipal, state or federal entity concerning the plaintiff or plaintiff's complaint, disclose:

      a   The names of the participants
      b   The names of the companies
      c   The dates of any such communication
      d   The substance of any such communication
      e.   The place where such communication occurred
      f.   The existence of any memoranda memorializing such communication

**OBJECTION:** **The interrogatory is objected to as being overly broad and vague, and requesting information not relevant or not reasonably calculated to lead to the discovery of admissible evidence. Answering further, subject to and without waiver of the objection, none.**

14.   If any meeting, discussion, consultation, cooperation or inquiry of any kind has occurred between your company and employees, officers or representatives of National Amusements ("The Showcase Cinemas"), Hoyt's Cinemas or Entertainment Cinemas concerning the plaintiff or the plaintiff's complaint, disclose:

      a   The names of the participants
      b   The names of the companies
      c   The dates of any such communication
      d   The substance of any such communication
      g.   The place where such communication occurred
      h.   The existence of any memoranda memorializing such communication

**OBJECTION:** **The interrogatory is objected to as being overly broad and vague, requesting information not relevant or not reasonably calculated to lead to the discovery of admissible evidence and seeking information protected by the Attorney Work Product Doctrine and Attorney/Client Privilege. Answering further, subject to and without waiver of the objection, other than the above-protected communications, Paramount presently has no recollection of any such discussion, consultation, cooperation or inquiry.**

6

I have reviewed the above interrogatories and responses thereto and they are true and accurate to the best of my current information, knowledge and belief.

*Paul Springer*

Paul D. Springer, Esquire
Sr. Vice President
Assistant General Counsel
Paramount Pictures Corporation

Subscribed and sworn to before me this 24th day of MAY, 2001.

TAMRA L. AVERNA
Commission # 1289538
Notary Public - California
Los Angeles County
My Comm. Expires Feb 2, 2005

*Tamra R. Averna*
Notary Public

7

DEFENDANT,
PARAMOUNT PICTURES CORPORATION

By _____
Richard W. Bowerman (ct 04181)
Tyler Cooper & Alcorn, LLP
205 Church Street
Post Office Box 1936
New Haven, Connecticut 06509

(203) 784-8200
(203) 777-1181 (fax)
e-mail: bowerman@tylercooper.com

- Their Attorneys -

8