**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROADWAY THEATRE CORP., | : | Civil Action No.: 3:00-CV-00706 (SRU) |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BUENA VISTA PICTURES | : | |
| DISTRIBUTION, et al., | : | |
|    Defendants | : | November 14, 2003 |

**MOTION IN LIMINE TO PRECLUDE TESTIMONY BY
RONALD WANLESS, TO EXCLUDE HIS MARKETING SURVEY, AND TO
PRECLUDE THE OTHER EXPERT TESTIMONY OFFERED BY PLAINTIFF**

Pursuant to Paragraph 11 of this Court's Pre-Trial Order, defendants respectfully request the entry of an order precluding plaintiff from offering at the trial of this case any testimony by Ronald Wanless or offering into evidence the February 17, 2003 "York Square Cinema Patron Research Study" prepared by Mr. Wanless. As set forth in the memorandum of law accompanying this motion, Mr. Wanless was neither retained nor disclosed as an expert and his testimony and report are therefore inadmissible. The same rule should bar the other three experts plaintiff identified for the first time on November 13, 2003, when it provided defendants with its "final" witness list, Michael Bailey, Rob Lawinski, and Professor Douglas Rae. Even if Mr. Wanless had been properly disclosed, his opinions do not pass muster under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 591 (1993). Finally, this Court cannot even apply Daubert to the three experts identified yesterday because neither their opinions nor the bases for these opinions have been disclosed.

**ORAL ARGUMENT IS REQUESTED**

THE DEFENDANTS,
BUENA VISTA PICTURES DISTRIBUTION, et al.

BY: _____
      Richard W. Bowerman (ct04181)
      Ben A. Solnit (ct00292
      Elizabeth K. Andrews (ct20986)
      Tyler Cooper & Alcorn, LLP
      205 Church Street
      P.O. Box 1936
      New Haven, CT   06509-1910
      Tel. No.:   203.784.8200
      Fax. No.:   203.865.7865
      E-Mail:     bowerman@tylercooper.com
                    solnit@tylercooper.com
                    eandrews@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was hand-delivered on November 14, 2003 to the following:

Peter C. Spodick, Esq.
592 Central Avenue
New Haven, CT 06515

_____
Ben A. Solnit ct00292

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROADWAY THEATRE CORP., | : | Civil Action No.: 3:00-CV-00706 (SRU) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BUENA VISTA PICTURES | : | |
| DISTRIBUTION, et al., | : | |
|     Defendants | : | November 14, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE TESTIMONY BY
RONALD WANLESS, TO EXCLUDE HIS MARKETING SURVEY,
AND TO PRECLUDE THE OTHER EXPERT TESTIMONY OFFERED BY PLAINTIFF**

**I.     INTRODUCTION**

Pursuant to the scheduling orders entered in this case, plaintiff was to disclose all expert witnesses by March 1, 2003. Plaintiff has not properly disclosed any expert witnesses.

Plaintiff did, however, produce to defendants a document titled "York Square Cinema Patron Research Study" dated February 17, 2003 ("the Study"). The Study was prepared by Ronald Wanless, a marketing consultant.

Plaintiff also offered three other witnesses as experts on its "final" witness list, provided to defendants on November 13, 2003, Michael Bailey, Rob Lawinski, and Professor Douglas Rae. The list contains only a brief description of the witness and his anticipated testimony.

## II. ARGUMENT

### A. Plaintiff's Failure To Disclose Mr. Wanless Precludes The Use Of His Testimony Or Report At Trial

Defendants took the deposition of Mr. Wanless on September 23-24, 2003. At that deposition, Mr. Wanless confirmed that he had not been retained by plaintiff as an expert and had no intention of testifying at the trial of this case:

Q. Okay. Do you have any understanding as to – were you, to your knowledge, ever retained to be an expert in the litigation that's pending in the District Court of Connecticut?

A. No.

Q. Do you have any understanding that you would be offering expert testimony in that litigation?

A. No. I can't imagine why I would. (September 23, 2003 Tr. at 51) (copy attached as Ex. 1).

Fed. R. Civ. P. 37(c)(l) provides: "A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." "This sanction ... applies to required disclosures regarding expert witnesses .... " 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §2289.1, p. 704.

2

When a party violates Rule 37(c)(1), "the required sanction in the ordinary case is mandatory preclusion." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998), cert. denied, 526 U.S. 1039 (1999) (footnote omitted). Courts routinely exclude expert evidence for failure to disclose it as required by Rule 26(a). See, e.g., Heidtman v. County of El Paso, 171 F.3d 1038, 1040 (5th Cir. 1999) (exclusion for failure to timely disclose expert witnesses upheld); Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 739-42 (7th Cir. 1998) ("the sanction of exclusion is automatic and mandatory unless the sanctioned party can show its violation of Rule 26(a) was either justified or harmless"; exclusion for failure to provide timely, complete expert disclosure upheld); Ortiz-Lopez v. Sociedad Espanola de Auxilo Mutuo, 248 F.3d 29, 34-36 (1st Cir. 2001) (same).

Here, plaintiff not only did not disclose Mr. Wanless as an expert; Mr. Wanless stated that he was not retained and would not testify. Given this, defendants cut his deposition short. Accordingly, any proffer by plaintiff of testimony by Mr. Wanless, via his deposition or otherwise, should be refused. For the same reasons, the study should not be admitted into evidence, as it was not disclosed as part of an expert report as required by Fed. R. Civ. P. 26(a)(2), and, given Mr. Wanless' deposition testimony, it cannot qualify as such.

B. Rule 37(c)(1) Likewise Precludes Michael Bailey, Rob Lawinski, and Professor Douglas Rae From Testifying As Experts For Plaintiff

On November 13, 2003, more than eight months after the deadline for disclosing experts, plaintiff provided defendants with its "final" witness list. That list included four witnesses who were

3

offered as experts. The first is Mr. Wanless, who is discussed above. The other three are Michael Bailey, Rob Lawinski, and Douglas Rae. Each name is followed by a brief description of the witness's expected testimony which comes nowhere close to meeting the requirements of expert disclosure set forth by Fed. R. Civ. P. 26(a)(2). Plaintiff has provided no report from Mr. Bailey, Mr. Lawinski, or Professor Rae and thus has failed to provide defendants with the information required by the Rule:

> a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications offered by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and the eliciting of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

In sum, plaintiff's attempted expert disclosure violates every provision of Rule 26(a)(2). Rule 37(c)(1) therefore bars any testimony by Mr. Bailey, Mr. Lawinski, or Professor Rae. See Kolonski, supra; Heidtman, supra; Salgado, supra; Ortiz-Lopez, supra.

    C.    Even If Mr. Wanless Had Been Properly Disclosed, His Opinions Do Not Meet The Daubert Test

Even if plaintiff had properly disclosed Mr. Wanless as an expert, his opinions should still be ruled inadmissible because they do not satisfy the test set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 591 (1993). In Daubert, the U.S. Supreme Court held that trial

4

courts should exclude expert testimony unless it is "scientifically valid" and "properly can be applied to the facts in issue." 509 U.S. at 593. Mr. Wanless's opinions meet neither test.

1.  The Wanless Survey Is Not Scientifically Valid

As demonstrated by defense expert Eugene Ericksen, Mr. Wanless is not a survey expert and his survey contained errors in design, data collection and data analysis. See October 14, 2003 report of Eugene Erickson, pp. 11-15 (copy attached as Ex. 2). Accordingly, the opinions of Mr. Wanless are not scientifically valid within the meaning of Daubert.

2.  The Wanless Survey Is Irrelevant To The Facts In Issue In This Case

As Mr. Wanless candidly stated during his deposition: "my report was for marketing purposes, and I am not quite sure how it's relevant to what both of you are doing, but that's not for me to decide." (Sept. 24, 2003 Tr. at 0-1) (copy attached as Ex. 3). Thus, the "key findings" of the Wanless survey are that a large proportion of the York Square audience are young adults from the Yale University Community who live very close to and walk to the theater and go to the movies at least once a month. See York Square Cinema Patron Research Study p. 3 (copy attached as Ex. 4). The study does not address the issues central to this lawsuit: whether York Square and the Showcase Cinemas are in substantial competition, whether there is a discrete urban population who is being denied access to first run films, and the economic role of exclusive distribution and the nature of movie competition in the New Haven area. In sum, the Wanless report does not speak to the facts

5

in issue in this case and therefore is not admissible in this case as an expert report.

D.     The Newly Disclosed Experts Cannot Pass Muster Under Daubert

Because plaintiff has not disclosed the opinions of Mr. Bailey, Mr. Lawinski, or Professor Rae, the basis for those opinions, or the information considered in forming them, this Court cannot even apply the Daubert test to them to see if they would be admissible under that rule. They should be excluded for that reason as well.

**III.   CONCLUSION**

For the foregoing reasons, defendants' Motion in Limine should be granted.

THE DEFENDANTS,
BUENA VISTA PICTURES DISTRIBUTION, et al.

BY: _____
Richard W. Bowerman (ct04181)
Ben A. Solnit (ct00292
Elizabeth K. Andrews (ct20986)
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT   06509-1910
Tel. No.:     203.784.8200
Fax. No.:    203.865.7865
E-Mail:      bowerman@tylercooper.com
             solnit@tylercooper.com
             eandrews@tylercooper.com

6