Respectfully submitted,


THE PLAINTIFF

BROADWAY THEATRE CORPORATION

By _____

    Peter C. Spodick  (ct408103)
    8 Hazel Terrace
    Woodbridge, Connecticut  06525
    203 387 5714

**CERTIFICATE OF SERVICE**

This is to certify that a true ands correct copy of the foregoing was served by first-class mail

on March 3, 2003 to:

Richard Bowerman
Elizabeth Andrews
Tyler Cooper & Alcorn
205 Church Street
Post Office 1936
New Haven, Connecticut 06509

Jonathan H. Beamon
Assistant Corporate Counsel
Office of Corporation Counsel
165 Church Street, 4th Floor
New Haven, Connecticut 06510

*[signature]*
Peter C. Spodick  (ct408103)
8 Hazel Terrace
Woodbridge, Connecticut 06525
203 387 5714

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was hand-delivered on November 14, 2003 to the following:

Peter C. Spodick, Esq.
592 Central Avenue
New Haven, CT 06515

_____
Ben A. Solnit ct00292

6

**EXHIBIT D**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROADWAY THEATRE CORP., | : | Civil Action No.: 3:00-CV-00706 (SRU) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BUENA VISTA PICTURES | : | |
| DISTRIBUTION, et al., | : | |
|     Defendants | : | November 14, 2003 |

## MOTION IN LIMINE TO EXCLUDE TESTIMONY
## BY PLAINTIFF'S TRIAL COUNSEL

Pursuant to Paragraph 11 of this Court's Pre-Trial Order, defendants respectfully request the entry of an order precluding plaintiff's trial counsel Peter C. Spodick, from offering testimony as a witness at this trial. As set forth in the memorandum of law accompanying this motion, such testimony is barred by Local Rule 83.13.

**ORAL ARGUMENT IS REQUESTED**

THE DEFENDANTS,
BUENA VISTA PICTURES DISTRIBUTION, et al.

BY: _____
Richard W. Bowerman (ct04181)
Ben A. Solnit (ct00292)
Elizabeth K. Andrews (ct20986)
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT   06509-1910
Tel. No.:      203.784.8200
Fax. No.:      203.865.7865
E-Mail:        bowerman@tylercooper.com
               solnit@tylercooper.com
               eandrews@tylercooper.com

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was hand-delivered on November 14, 2003 to the following:

Peter C. Spodick, Esq.
592 Central Avenue
New Haven, CT 06515

_____
Ben A. Solnit ct00292

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROADWAY THEATRE CORP., | : | Civil Action No.: 3:00-CV-00706 (SRU) |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BUENA VISTA PICTURES | : | |
| DISTRIBUTION, et al., | : | |
|    Defendants | : | November 14, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION IN LIMINE TO EXCLUDE TESTIMONY
BY PLAINTIFF'S TRIAL COUNSEL**

**I.    INTRODUCTION**

On November 10, 2003, plaintiff for the first time produced a list of witnesses to include in the pre-trial memorandum in this case. The second name listed is plaintiff's trial counsel, Peter C. Spodick. Plaintiff's "final" witness list, received on November 13, 2003, continues to list Peter Spodick as its second witness.

**II.    ARGUMENT**

Local Rule 83.13(b)(1) provides in relevant part:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or she ... ought to be called as a witness on behalf of the client, he or she shall withdraw from the conduct of the trial and the law firm shall not continue representation in the trial....

Mr. Spodick is plaintiff's sole trial counsel. He is also a solo practitioner. Application of Rule 83.13 in light of plaintiff's witness list would therefore leave the plaintiff without a lawyer. Defendants respectfully submit that the purposes of the Rule could be equally fulfilled by excluding Mr. Spodick from acting as a witness in this case. Plaintiff's witness list currently contains 62 names. Reducing this number by one would not prejudice plaintiff in the presentation of its case at trial. Allowing Mr. Spodick to serve as both lawyer and witness, however, would violate a fundamental rule of this Court's jurisprudence and would prejudice defendants by erasing in Mr. Spodick's case the boundary between advocate and witness.

### III. CONCLUSION

For the foregoing reasons, defendants' motion in limine should be granted.

THE DEFENDANTS,
BUENA VISTA PICTURES DISTRIBUTION, et al.

BY: _____
Richard W. Bowerman (ct04181)
Ben A. Solnit (ct00292
Elizabeth K. Andrews (ct20986)
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT  06509-1910
Tel. No.:    203.784.8200
Fax. No.:    203.865.7865
E-Mail:      bowerman@tylercooper.com
             solnit@tylercooper.com
             eandrews@tylercooper.com

2

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was hand-delivered on November 14, 2003 to the following:

Peter C. Spodick, Esq.
592 Central Avenue
New Haven, CT 06515

_____
Ben A. Solnit ct00292