United States District Court
District of Connecticut
FILED AT      BRIDGEPORT

11-10          2003
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROADWAY THEATRE CORP., | : | Civil Action No.: 3:00-CV-00706 (SRU) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BUENA VISTA PICTURES | : | |
| DISTRIBUTION, et al., | : | |
| Defendants | : | November 14, 2003 |

## MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S DAMAGES ANALYSIS

Pursuant to Paragraph 11 of this Court's Pre-Trial Order, defendants respectfully request the entry of an order precluding plaintiff from offering into evidence at the trial his March 3, 2003 "Analysis of Damages." As set forth in the memorandum of law accompanying this motion, this analysis is based on speculation, employs the wrong measurement, and lacks any causal connection. It is therefore inadmissible.

**ORAL ARGUMENT IS REQUESTED**

THE DEFENDANTS,
BUENA VISTA PICTURES DISTRIBUTION, et al.

BY: _____
Richard W. Bowerman (ct04181)
Ben A. Solnit (ct00292
Elizabeth K. Andrews (ct20986)
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT   06509-1910
Tel. No.:     203.784.8200
Fax. No.:    203.865.7865
E-Mail:      bowerman@tylercooper.com
             solnit@tylercooper.com
             eandrews@tylercooper.com

2

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was hand-delivered on November 14, 2003 to the following:

Peter C. Spodick, Esq.
592 Central Avenue
New Haven, CT 06515

_____
Ben A. Solnit ct00292

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BROADWAY THEATRE CORP., : | Civil Action No.: 3:00-CV-00706 (SRU) |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| BUENA VISTA PICTURES : | |
| DISTRIBUTION, et al., : | |
| Defendants : | November 14, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S DAMAGES ANALYSIS

**I.   INTRODUCTION**

In accordance with the scheduling order entered in this case, plaintiff provided a document entitled "Plaintiff's Analysis of Damages" to defendants on March 3, 2003 (copy attached). Despite its title, it contains no analysis. Further, it attempts to measure lost revenues instead of lost profits. Finally, it does not address causation.

**II.   ARGUMENT**

   A.   The Plaintiff's Damages "Analysis" Is Based On Speculation

Defendants' economic expert, George L. Priest, analyzed this document at pp. 20-21 of his October 15, 2003 report as follows:

D. Mr. Spodick's Damages Analysis

55. Finally, Mr. Spodick has filed what is referred to as the "Plaintiff's Analysis of Damages" that concludes that the defendants' clearance practices have resulted in damages equal to $2,060,305. This "measurement" consists, first and without support, of picking the year 1993 as a base; second, noting that ticket prices at the York Square have increased by 28 percent in nominal dollars from 1993 to 2002; and, third, claiming as damages attributable to the defendants' practices any decline in annual revenues from 1993 to the present times 128 percent.

56. Mr. Spodick is not trained in economic analysis. Meaning no disrespect, this "estimate" bears no relation to an economic analysis of damages that might survive peer-review. Among other flaws, there is no basis for choosing 1993 as a base year, except that it was one of York Square's highest grossing years. Secondly, Mr. Spodick has made to attempt to distinguish changes in York Square revenues allegedly attributable to the defendants' clearance practices as against other economic changes in the cinema exhibition market. It is an economic truism that, when ticket prices rise, demand declines. In Mr. Spodick's approach, to the contrary, any decline in demand is multiplied times the 128 percent increase in price.[1]

57. A careful analysis of damages in this case--assuming the defendants are found to be liable for losses--would require a counter-factual reconstruction of the profits (all of Mr. Spodick's numbers derive from gross revenues, not profits)

---

[1] This means that if Mr. Spodick had raised his prices further, his damages would have increased.

2

> that would have been earned on the films that York Square would have exhibited but for the clearances against the profits earned on the films that were exhibited. It would also require the day and date revenue comparisons similar to those presented in Table 8. To date, Mr. Spodick has not indicated the films he would have exhibited but for the clearance practices nor the number of tickets he believes he would have sold for those films. Finally, Mr. Spodick's numbers do not distinguish film profits from concession profits.

It is well settled that damages may not be awarded on mere speculation. See, e.g., DeChico v. Metro-North Commuter R.R., 758 F.2d 856, 861 (2d Cir. 1985) (trial court correctly refused to submit claim of damages to the jury that was "too speculative"); United Banana Co. v. United Fruit Co., 362 F.2d 849, 851 (2d Cir. 1966) (plaintiff failed to prove damages resulting from claimed antitrust violation; its "claim of damages here are either too speculative or de minimis); Beverly Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin, 247 Conn. 48, 78 (1998) (award of damages reversed where the evidence "failed to remove the question of damages from the realm of speculation ...."). This general principle applies with equal force to claims brought under CUTPA for lost profits. "[S]uch damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount with reasonable certainty." Gargano v. Heyman, 203 Conn. 616, 621 (1987). (citations omitted)

It is equally well settled that under Federal Rule of Evidence 702, expert testimony may be admitted only if it consists of "scientific, technical, or other specialized knowledge" and the witness

3

is "qualified as a expert by knowledge, skill, experience, training, or education ...." As the Supreme Court explained in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 591, 589-90 (1993), "The subject of an expert's testimony must be 'scientific ... knowledge' .... [T]he word 'knowledge' connotes <u>more than subjective belief or unsupported speculation</u>" (footnote omitted, emphasis added).

Plaintiff's damages analysis is unsupported speculation. Accordingly, it is not admissible on the issue of damages.

### B.  Lost Revenues Is Not The Proper Measure of Damages

Plaintiff's "Analysis" uses lost revenues as the measure of its claimed damages. However, lost profits is the proper measure of damages stemming from a claimed business loss. <u>See</u>, <u>e.g.</u>, <u>Electro-Minatures Corp. v. Wendon Co., Inc.</u>, 771 F.2d 23, 27 (2d Cir. 1985) (profits on lost sales was proper measure of damages). <u>See also</u> Report of George L. Priest, <u>supra</u>, ¶ 57 (damages must be measured by profits, not gross revenues). Plaintiff's damages analysis is therefore inadmissible on this ground as well.

### C.  Plaintiff's "Analysis" Fails To Address Causation

Even if one assumed, <u>arguendo</u>, that plaintiff could demonstrate unfair trade practices by defendants and lost profits, that would not suffice to prove damages. Plaintiff would still have to prove that its lost profits damages were <u>caused</u> by the unfair trade practices. <u>See</u>, <u>e.g.</u>, <u>Omega</u>

4

Engineering, Inc. v. Eastman Kodak Co., 30 F. Supp. 2d 226, 264 (D. Conn. 1998) (plaintiff's expert's "inability to meaningfully isolate [the claimed misconduct] as the cause [of the claimed damages] renders any lost profits calculation highly suspect and fundamentally unsound.") (footnote omitted). Plaintiff's utter failure to address the issue of causation in its damages analysis is a third reason it is inadmissible.

### III. CONCLUSION

For the foregoing reasons, defendants' Motion in Limine should be granted.

```
                         THE DEFENDANTS,
                         BUENA VISTA PICTURES DISTRIBUTION, et al.

                         BY:    _____
                                Richard W. Bowerman (ct04181)
                                Ben A. Solnit (ct00292
                                Elizabeth K. Andrews (ct20986)
                                Tyler Cooper & Alcorn, LLP
                                205 Church Street
                                P.O. Box 1936
                                New Haven, CT  06509-1910
                                Tel. No.:    203.784.8200
                                Fax. No.:    203.865.7865
                                E-Mail:      bowerman@tylercooper.com
                                             solnit@tylercooper.com
                                             eandrews@tylercooper.com
```