UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 19 P 4:56
US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| BROADWAY THEATRE CORP. ) | |
| ) | |
| ) | |
| ) | |
| V. ) | CIVIL ACTION NO: 300-CV00706 (SRU) |
| ) | |
| ) | |
| ) | |
| BUENA VISTA PICTURES ) | |
| DISTRIBUTION, ET AL. ) | APRIL 19, 2004 |

**PLAINTIFF'S MOTION FOR THIS COURT TO FIND THE DEFENDANTS' INTENDED WITNESS, GEORGE L. PRIEST, AND DEFENDANTS' ATTORNEYS ROSEN, BOWERMAN, AND ANDREWS IN CONTEMPT**

Mr. Priest is presented to this Court in the document, "Defendants' Disclosure of Expert Witnesses," as "George L. Priest, Esquire." This presentation of the expert witness is followed by Mr. Priest's report, which was admitted into evidence at deposition of Mr. Priest by Plaintiff's counsel. Present for the Defendants at this deposition were Attorneys Jeffrey Rosen, Richard Bowerman and Elizabeth Andrews.

Under oath, Mr. Priest identified and acknowledged the "George L. Priest, Esquire" report:

Mr. Priest: Yes, that is my report. (Priest deposition, p.16.)

"Esquire" is a misrepresentation of Mr. Priest's qualifications. Mr. Priest is a very experienced, highly paid professional witness. Mr. Priest is not an attorney. This fact was discussed in deposition, where Mr. Priest admitted that he is not an attorney, not a member of any bar, and possesses no license to practice law.

Question: Are you admitted to the practice of law?

Mr. Priest: No, I'm not.

Question: So you've never appeared in court as a practicing attorney?

Mr. Priest: I have never practiced law.

Question: And then you would not be a member of any bar association?

Mr. Priest: I'm not a member of a bar association.   (Deposition, p. 6-7.)

The Defendants' effort is an obvious and unfortunate attempt to bolster the witness's credibility. Present for this testimony were Defendants' Attorneys Andrews, Bowerman, and Rosen. Neither the witness nor any of the attorneys who were present offered to correct this representation. There has since been no correction offered to this Court. Any response of "innocent" misrepresentation is unavailing.

The CT Judicial website specifically addresses this issue:

**"When can I use 'Attorney' or 'Esq.' with my name?** The Statewide Grievance Committee has held that the use of the title 'Attorney' or 'Esq.', or any similar title, by

one not admitted to the Connecticut bar may constitute a violation of C.G.S. s.51-88."

Connecticut General Statutes s.51-88 reads:

51-88 Practice of law by persons not attorneys.

(a) A person who has not been admitted as an attorney under the provisions of section 51-80 shall not: ...(6) assume, use or advertise the title of lawyer, attorney and counselor-at-law, attorney-at-law, counselor-at-law, attorney counselor, attorney and counselor, or any equivalent term, in such manner as to convey the impression that he is a legal practitioner of law. ...

(b) Any person who violates this section shall be fined not more than two hundred and fifty dollars or imprisoned not more than two months...

( c ) Any person who violates any provision of this section shall be deemed in contempt of court...

The Plaintiff respectfully asks this Court to find this purposeful, knowing misrepresentation to be deceptive and contemptuous, and to cite the intended witness, Mr. Priest, and Defendants' Attorneys Rosen, Bowerman and Andrews for contempt of this Court. The Plaintiff makes no request for costs.

THE PLAINTIFF

Broadway Theatre Corp.

By: _____

Peter C. Spodick  (ct 408103)
592 Central Avenue
New Haven, Connectitcut   06515
203 387 5714  (fax: 203 389 5732)

CERTIFICATION OF SERVICE

The defendant certifies that a copy of this motion was posted, by first class mail, pre-paid, this day, April 19, 2004, to:

Elizabeth Andrews, Esq.
Richard Bowerman, Esq.
Tyler, Cooper and Alcorn
205 Church Street
New Haven, Connecticut
06510

Jeffrey Rosen, Esq.
Sargoy, Stein, Rosen and Shapiro
1790 Broadway
New York, NY
10019

*[signature]*
Peter C. Spodick  ct 408103

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BROADWAY THEATRE CORP. ) | |
| ) | |
| V. ) | CIVIL ACTION NO: 3:00-CV-00706 (SRU) |
| ) | |
| BUENA VISTA PICTURES ) | |
| DISTRIBUTION, COLUMBIA ) | |
| PICTURES INDUSTRIES, INC., ) | |
| DREAMWORKS DISTRIBUTION L.L.C., ) | |
| LIONS GATE FILMS INC., ) | |
| METRO-GOLDWYN-MAYER ) | |
| DISTRIBUTION CO., MIRAMAX FILM ) | |
| CORP., NEW LINE CINEMA ) | |
| CORPORATION, PARAMOUNT ) | |
| PICTURES CORPORATION, SONY ) | |
| PICTURES RELEASING ) | |
| CORPORATION, UNIVERSAL FILM ) | |
| EXCHANGES, INC., WARNER BROS. ) | |
| DISTRIBUTING, AND USA FILMS, LLC ) | OCTOBER 15, 2003 |

## DEFENDANTS' DISCLOSURE OF EXPERT WITNESSES

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the defendants Buena Vista Pictures Distribution, Columbia Pictures Industries, Inc., DreamWorks Distribution L.L.C., Lions Gate Films Inc., Metro-Goldwyn-Mayer Distribution Co., Miramax Film Corp., New Line Cinema Corporation, Paramount Pictures Corporation, Sony Pictures Releasing Corporation, Universal Film Exchanges, Inc., Warner Bros.

Distributing, and USA Films, LLC hereby disclose the following experts in the above-captioned matter:

(1)  <u>George L. Priest, Esquire</u>.  George L. Priest is the John M. Olin Professor of Law and Economics at Yale Law School.  Mr. Priest will testify generally regarding substantial competition between the Showcase Cinemas North Haven, Showcase Cinemas Orange and York Square Cinemas.  Mr. Priest's testimony will be based, in part, on the data and information provided to him by Eugene Ericksen of National Economic Research Associates.  Pursuant to Fed.R.Civ.Pro. 26(2)(B), attached at Tab 1 is a copy of (a) a written report prepared and signed by Mr. Priest, containing a complete statement of all opinions to be expressed and the basis and reasons therefore and the information considered by Mr. Priest in forming his opinions; (b) Mr. Priest's curriculum vitae; (c) a list of all publications authored by Mr. Priest within the preceding ten years; (d) a copy of Mr. Priest's current rate schedule; and (e) a listing of all cases in which Mr. Priest has testified as an expert, either at trial or by deposition within the preceding four years.

(2)  <u>Eugene Ericksen</u>.  Eugene Ericksen is a Professor of Sociology and Statistics, Temple University and Special Consultant with National Economic Research Associates, Inc.  Mr. Ericksen will testify generally regarding proper survey methods, his design and implementation of a survey examining movie attendance at seven theatres in the New Haven area and his analysis of the data obtained from that survey.  Pursuant to Fed.R.Civ.Pro. 26(2)(B), attached at Tab 2 is a copy of (a) a written report prepared and signed by Mr. Ericksen, containing a complete statement of all opinions to be expressed

2

1  think, 1986.

2  Q    In the current economic year, you have
3  teaching responsibilities?

4  A    Yes, I do.

5  Q    What are the courses, please?

6  A    This semester I'm teaching a course entitled,
7  "Advanced Antitrust." I'm also teaching a seminar on
8  the asbestos litigation phenomenon.

9  Next semester I'll be teaching the basic
10 antitrust course and I'm teaching a seminar on economic
11 history.

12 Q    If you were to count what we would call the
13 hours of instruction this semester, how many hours
14 would that be, please?

15 A    Well, it's a little complicated because if
16 students write papers, they get more credit than if
17 they don't write papers. So the one course is listed
18 for three hours, the advanced antitrust course, the
19 seminar is listed for two or three hours. So that
20 would be five or six teaching hours.

21 Q    Are you admitted to the practice of law?

22 A    No, I'm not.

23 Q    So you've never appeared in court as a
24 practicing attorney?

25 A    I have never practiced law.

1    Q    And then you would not be a member of any bar
2    association?
3    A    I'm not a member of a bar association.
4    Q    Are you currently employed by any other
5    companies or entities beyond your duties with Yale?
6    A    No.
7    Q    As we are sitting here today, there is a
8    relationship between yourself and the defendants.  How
9    would you describe that, please?
10   A    In addition to my work at Yale, I have a
11   economic consulting practice.  So I view myself as a
12   consultant to the defendants in this capacity serving
13   as an expert witness.  Or I should say this, actually I
14   think I've been retained by -- well, I don't know -- I
15   was retained by Mr. Bowerman, but I think it's probably
16   appropriate to regard me as a consultant to the
17   defendants, an economic consultant.
18   Q    When were you first retained?
19   A    I was first retained, I think, in December or
20   January, December of last year or January of this year.
21   Q    And retained by Attorney Bowerman?
22   A    Yes.
23   Q    Do you know how it is that he would have
24   known you or known about you?
25   A    I've known Mr. Bowerman for several years,