UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2004 APR 22  A 9: 02

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | | |
|---|---|---|
| BROADWAY THEATRE CORP. | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO: 300-CV00706 (SRU) |
| | ) | |
| BUENA VISTA PICTURES DISTRIBUTION, ET AL. | ) | APRIL 20, 2004 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTIONS IN LIMINE**

The Plaintiff's Objection to Defendants' Motions in Limine is based upon improper service and notice. In Defendants' Reply to this Objection, the Defendants state that the Plaintiff's Objection is "riddled with significant misrepresentations."

There are no misrepresentations by the Plaintiff, significant or otherwise. The Plaintiff's Objection clearly explains Plaintiff's receipt, from Defendants' counsel, in counsel's office, of formally prepared draft copies of the Memorandum. No Motions were contained. The Joint Memorandum filed the next day with this Court was presented, as demonstrated to this court in Plaintiff's Objection, without reference to any Motions in Limine.

Since that time, counsel for the Plaintiff and the Defendants have met and discussed issues related to settlement. There have been no discussions of any kind with

Defendants' counsel concerning any Motions in Limine.

The Plaintiff takes the strongest exception to that portion of the Defendants' Reply which states:

"On January 15, 2004, the parties appeared before the Honorable William I. Garfinkel to participate in a settlement conference. Again, the pending Motions in Limine were discussed."

The Plaintiff must reluctantly dignify the foregoing only to the point of saying that no discussion occurred with Judge Garfinkel involving Motions in Limine, "Again," in the presence of Plaintiff counsel. The Defendants are aware that any discussion, on any topic, which occurred during that settlement conference, and certainly with Judge Garfinkel, is privileged and confidential. No such privileged and confidential communication may properly be in Defendants' Reply, which is a public record document.

The necessary implication of Defendants' words is that Plaintiff counsel is making deliberately false statements concerning such privileged and confidential discussions, which Plaintiff counsel absolutely denies. The accusation is, of course, of the most extreme professional misconduct, which Plaintiff counsel vehemently denies. The Defendants' Reply offers that the Plaintiff is "disingenuous and lacks credibility," and presents to this Court the image of Judge Garfinkel, at the confidential settlement conference, as witness. If conduct is present which requires sanction, it is not the conduct

of the Plaintiff.

The Plaintiff's Objection clearly demonstrates that the Defendants' Motions were without proper notice and service, and that the Defendants do not retain the right to complain that Plaintiff has been 'inexcusably tardy.' The Plaintiff respectfully asks this Court to sustain its Objection to the granting of Defendants' Motions in Limine.

THE PLAINTIFF

BROADWAY THEATRE CORPORATION

By _____
Peter C. Spodick (ct 408103)
592 Central Avenue
New Haven, Connecticut 06515
203 387 5714    203 389 5732 (fax)

CERTIFICATION OF SERVICE

The defendant certifies that a copy of this motion was posted, by first class mail, pre-paid, this day, April 20, 2004, to:

Ben A. Solnit, Esq.
Elizabeth Andrews, Esq.
Richard Bowerman, Esq.
Tyler, Cooper and Alcorn
205 Church Street
New Haven, Connecticut
06510

_____
Peter C. Spodick  ct 408103