FILED UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAY -7  P 4: 52

| | |
|---|---|
| BROADWAY THEATRE CORP. US DISTRICT BRIDGEPORT | ) ) ) ) |
| V. | ) CIVIL ACTION NO: 300-CV00706 (SRU) ) ) ) |
| BUENA VISTA PICTURES DISTRIBUTION, ET AL. | ) ) MAY 7, 2004 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE PLAINTIFF'S DAMAGES ANALYSIS**

The Plaintiff brings this objection to Defendants' Motion in Limine to Exclude Plaintiff's Damage Analysis.

Defendants' intended expert, George L. Priest, speaking of Plaintiff's analysis, incorrectly states:

"56. Mr. Spodick is not trained in economic analysis. Meaning no disrespect,... it is an economic truism that, when ticket prices rise, demand declines. In Mr. Spodick's approach, to the contrary, any demand in demand is multiplied times the 128 percent increase in price. (footnote: This means that if Mr. Spodick had raised his prices further, his damages have increased.)"

Mr. Priest is not familiar with film industry economics. Appended is the annual report of the Motion Picture Association of America for 2003, delivered by Jack Valenti, the President of that organization. Valenti reports "DRAMATIC BOX OFFICE AND ADMISSIONS INCREASES," accompanied by an increase in ticket prices of 2.7%. It is not a truism in the film industry that a rise in ticket prices is accompanied by a decline in sales. In fact, in this particular industry, the facts are quite the opposite. Industry history demonstrates that growth in admissions income accompanied by an increase in ticket prices is obviously not "mere speculation."

In showing the fact of damage, "plaintiff is required to establish with reasonable probability the existence of some causal connection between defendants' wrongful act and some loss..." Flintkote v. Lysfjord, 246 F.2d 368, 392 (9th Cir. 1957), cert. Den., 355 U.S. 835. But the fact of damage, like any other fact, may be established as a matter of just and reasonable inference from the evidence. Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 2151, 264 (1946.) Once the fact of damage has been established, a lighter burden of proof applies to establishing the amount of damages. The amount of damages, In anti-trust cases, and likewise in CUTPA cases, is necessarily imprecise. But, "justice and public policy require that the wrongdoer shall bear the risk of uncertainty which his own wrong has created." Bigelow, at 265. Great uncertainty as to amounts will be accepted where caused by the defendants' wrongful acts. See: Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359 (1927); A.C.

Becken Co. v. Gemex Corp., 272 F.2d 1 (7th Cir. 1959,) cert denied, 362 U.S. 962 (1960). Loss of the value of the plaintiff's business or property caused by the defendants' violations is a proper measure of plaintiff's damages. This is provided by comparison of plaintiff's business experience, his profits in particular, during the impact period, with his experience either before after the period in which it was affected by the defendants' behavior. See: Eastman Kodak, above.

The Plaintiff respectfully asks this Court to sustain its Objection to the granting of Defendants' Motion in Limine

THE PLAINTIFF

BROADWAY THEATRE CORPORATION

By _____
Peter C. Spodick (ct 408103)
592 Central Avenue
New Haven, Connecticut 06515
203 387 5714    203 389 5732 (fax)

CERTIFICATION OF SERVICE

The defendant certifies that a copy of this motion was posted, by first class mail, pre-paid, this day, May 7, 2004, to:

Ben A. Solnit, Esq.
Elizabeth Andrews, Esq.
Richard Bowerman, Esq.
Tyler, Cooper and Alcorn
205 Church Street
New Haven, Connecticut
06510

Peter C. Spodick  ct 408103