United States District Court
District of Connecticut
FILED AT BRIDGEPORT
5/7/04 20
Kevin F. Rowe, Clerk
By Tiffany R. Buckley
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BROADWAY THEATRE CORP.

V.

BUENA VISTA PICTURES DISTRIBUTION, COLUMBIA PICTURES INDUSTRIES, INC. DREAMWORKS DISTRIBUTION L.L.C., LIONS GATE FILMS INC., METRO-GOLDWYN-MAYER DISTRIBUTION CO., MIRAMAX FILM CORP., NEW LINE CINEMA CORPORATION, PARAMOUNT PICTURES CORPORATION, SONY PICTURES RELEASING CORPORATION, UNIVERSAL FILM EXCHANGES, INC., WARNER BROS. DISTRIBUTING, AND USA FILMS, LLC

CIVIL ACTION NO: 3:00-CV-00706 (SRU)

MAY 7, 2004

**EVIDENTIARY OBJECTIONS OF DEFENDANT LIONS GATE FILMS INC. TO DECLARATION OF ROBERT SPODICK**

Defendant LIONS GATE FILMS INC. ("Lions Gate") submits the following Evidentiary Objections to the Declaration of Robert Spodick and requests that the referenced portions thereof be stricken from the record and denied consideration by the Court.

| TESTIMONY | OBJECTIONS |
|---|---|
| 1. Page 7, ¶ 4 that, "The titles cited by Mr. Ortenberg in his declaration as having played at the York Square are probably unfamiliar to all but the most diehard moviegoers." | 1. Lacks Foundation, Fed. R. Evid. §§ 104(a), 701; Lacks Personal Knowledge, Fed. R. Evid. § 602; Irrelevant, Fed. R. Evid. § 402.<br><br>The referenced assertion lacks foundation, is not based on personal knowledge and is entirely speculative, in that, *inter alia*, Plaintiff does not identify the basis for his claim that the general public is "unfamiliar" with Lions Gate's films. Furthermore, the testimony is legally irrelevant in that it reflects the subjective belief of the declarant and does not evidence any material fact that could support liability against Lions Gate. |
| 2. Page 7, ¶ 5 that, "I am certain that all of these pictures were passed over by the turnpike chain theaters, and were then offered to the York Square." | 2. Lacks Foundation, Fed. R. Evid., §§ 104(a), 701; Lacks Personal Knowledge, Fed. R. Evid, § 602; Irrelevant, Fed. R. Evid. § 402.<br><br>The referenced assertion is not based on personal knowledge, lacks foundation and is |

| TESTIMONY | OBJECTIONS |
|---|---|
| | entirely speculative, in that, *inter alia*, Plaintiff does not identify the basis for his purported knowledge that the motion pictures offered to York Square supposedly "were first passed over by the turnpike theaters." Furthermore, the referenced assertion is legally irrelevant in that it simply reflects the subjective belief of the declarant. |
| 3. Page 7, ¶ 5 that, "I am also certain that Mr. Ortenberg and Lions Gate recognize the urban, university oriented, intimate, downtown York Square audience is different from that of the mass audience turnpike cinemas, and that the special audience Lions Gate films produce higher grosses at the York Square than at a turnpike located theater." | 3. Lacks Foundation, Fed. R. Evid. §§ 104(a), 701; Lacks Personal Knowledge, Fed. R. Evid. § 602; Irrelevant, Fed. R. Evid. §§ 402.<br><br>The referenced assertion is not based on personal knowledge and is not supported by adequate foundational testimony. Furthermore, the testimony is entirely speculative with respect to what "Mr. Ortenberg and Lions Gate recognize," and is legally irrelevant on the ground that it simply reflects the subjective belief of the declarant. |
| 4. Page 8, ¶ 6 that, "I believe that 'The | 4. Lacks Foundation, Fed. R. Evid. |

| TESTIMONY | OBJECTIONS |
|---|---|
| Cooler' would produce a very large film rental for Lions Gate." | §§ 104(a), 701; Lacks Personal Knowledge, Fed. R. Evid. § 602; Irrelevant, Fed. R. Evid. § 402.<br><br>The referenced assertion is not based on personal knowledge and is not supported by adequate foundational testimony. Furthermore, the testimony is entirely speculative as to the purported economic benefit to Lions Gate from licensing *The Cooler,* and is legally irrelevant on the ground that it simply reflects the subject belief of the declarant. |
| 5. Page 8, ¶ 6 that, "I am certain that "The Cooler" would have played for at least several weeks, and believe that the box office gross at the York Square would have been among the highest in Connecticut." | 5. Lacks Foundation, Fed. R. Evid. §§ 104(a), § 701; Lacks Personal Knowledge, Fed. R. Evid. § 602; Irrelevant, Fed. R. Evid. §402.<br><br>The referenced assertion is not based on personal knowledge, lacks foundation, and is entirely speculative with respect to the length of time that *The Cooler* might have played at the York Square, and as to the box office revenues that purportedly would have resulted from such |

| TESTIMONY | OBJECTIONS |
|---|---|
| | a hypothetical license. Furthermore, the testimony is legally irrelevant on the ground that it simply reflects the subjective belief of the declarant. |
| 6. Page 9, ¶ 9 that, "In January, when "Cheaper By The Dozen" had petered out, I told Twentieth Century Fox that we had a commitment to Lions Gate, and that we wanted to end "Cheaper By The Dozen". Fox would not allow the booking to end, demanding one additional week, even though they, and Lions Gate, knew that the demand meant that the York Square would suffer a terrible loss." | 6. Lacks Foundation, Fed. R. Evid. §§ 104(a), 701; Lacks Personal Knowledge; Fed. R. Evid. § 602; Irrelevant, Fed. R. Evid. § 402. The referenced assertion is not based on personal knowledge, lacks foundation, and is entirely speculative as to what Lions Gate purportedly "knew." Furthermore, the testimony is legally irrelevant on the ground that it simply reflects the subjective belief of the declarant. |
| 7. Page 9, ¶ 11 that, "I know that this gross represents a terrible loss at the showcase." | 7. Lacks Foundation, Fed. R. Evid. §§ 104(a), 701; Lacks Personal Knowledge, Fed. R. Evid. § 602; Irrelevant, Fed. R. Evid. § 402. |

| TESTIMONY | OBJECTIONS |
|---|---|
| | The referenced assertion is not based on personal knowledge, lacks foundation, and is entirely speculative. Furthermore, the testimony is legally irrelevant on the ground that it simply reflects the subjective belief of the declarant. |
| 8. Page 10, ¶ 14 that, "the initial first run booking of 'Girl With The Pearl Earring' was, in any case, a 'clearance' booking on behalf of the showcase cinemas in Orange." | 8. Lacks Personal Knowledge, Fed. R. Evid. § 602, Lacks Foundation, Fed. R. Evid. §§ 104(a), 701; Irrelevant, Fed. R. Evid. § 402. The referenced assertion is not based on personal knowledge, lacks foundation, and is entirely speculative, particularly with respect to its conclusion that *Girl With The Pearl Earring* purportedly was a "'clearance' booking." Furthermore, the testimony is legally irrelevant on the ground that it simply reflects the subjective belief of the declarant. |
| 9. Page 10, ¶ 15 that, "when calls have been made to book films from Lions Gate, the salespeople deny the bookings, and make remarks such as 'remember Cheaper By The | 9. Irrelevant, Fed. R. Evid. §402; Hearsay, Fed. R. Evid. §§ 801, 802. |

| TESTIMONY | OBJECTIONS |
| --- | --- |
| remarks such as 'remember Cheaper By The Dozen'". | The referenced assertion is legally irrelevant on the ground, *inter alia*, that it does not evidence any material fact that could support a finding of liability against Lions Gate. Furthermore, the purported statement that this paragraph attributes to unnamed "salespeople" is not based on personal knowledge, lacks foundation, and constitutes inadmissible hearsay. |

Accordingly, Lions Gate respectfully requests that the indicated portions thereof be stricken from the record and denied consideration by the Court.

LIONS GATE FILMS INC.

By ____________________

Richard W. Bowerman (ct 04181)
Ben A. Solnit (ct00292)
Elizabeth K. Andrews (ct20986)
Tyler Cooper & Alcorn, LLP
205 Church Street
Post Office Box 1936
New Haven, Connecticut 06509

(203) 784-8400
(203) 777-1181 (fax)
e-mail: bowerman@tylercooper.com
solnit@tylercooper.com
eandrews@tylercooper.com

Of Counsel:

Saul D. Brenner
Kenneth I. Ingber
Loeb & Loeb LLP
10100 Santa Monica Blvd.
Suite 2200
Los Angeles, California 90067

(310) 282-2000
(310) 282-2200 (fax)
e-mail: sbrenner@loeb.com
        kingber@loeb.com

**- Their Attorneys -**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was hand-delivered on May 7, 2004 to the following:

Peter C. Spodick, Esquire
55 Broadway
New Haven, Connecticut 06511

Richard W. Bowerman

Lit_CC393862.4
01429810011
05/06/2004 sdb