## AFFIDAVIT

Robert Spodick, being duly sworn, deposes and says:

1. I am over eighteen years of age and believe in the obligation of an oath.

2. I am the president and CEO of Broadway Theatre Corp. (Broadway), doing business as the York Square Theatre (York), 61 Broadway, New Haven, CT, and have held said position since the formation of Broadway about 35 years ago.

3. I, along with three partners own all of the stock in Broadway.

4. For the past several years, Broadway has been operating at a loss, due to the fact that the York Square is unable to obtain new film, even though it is not in substantial competition with the suburban theatres that do obtain new film.

5. As a result of this fact, I explored the possibility of suing the motion picture companies and distributors that refuse to allow the York Square to play new film.

6. After consulting several attorneys, it was determined that the economic condition of Broadway was such that there was not sufficient funds to retain counsel based on the retainers requested by the attorneys consulted.

7. As a result, my son Peter C. Spodick, who works 70 to 80 hours a week managing the York Square just to keep it open, and is also a licensed attorney, agreed to bring the action.

8. Accordingly, he commenced the action of <u>Broadway Theatre Corp. v. Buena Vista Distribution, et al</u>, Docket No. 300-CV-00706 (SRU) in the United States District Court, District of Connecticut.

9. When this case was reached for trial on may 10, 2004, I went to court fully expecting the case to go to trial and fully expecting to be called to the witness stand.

10. When the case was called, my son anounced that he was voluntarily agreeing to a dismissal of the case.

11. I am hard of hearing and did not immediately understand that my son was dismissing the case when he did so, although I understood that he was asking the judge to withdraw the case from trial status.

12. I was too shocked to think clearly and to protest my son's action in court, and it was not until after we left the court did I fully understand that the dismissal operated as a final judgment terminating the action for all purposes.

13. At no time did I have any prior knowledge of or aurthorize the voluntary dismissal.

14. After realizing the magnitude of what happened, I wrote a letter to the presiding judge stating my disagreement with my son's action and asking if the case could be reinstated.

15. I realize that my son, in his own mind, thought he was protecting me by taking the action he did, due to what he perceived to be my poor health and his concern that I could not withstand a grueling trial.

16. It is true that I have had an operation for cancer of the larynx in 1997 and one for cancer of the throat in 1987, and that I had just been released from the hospital 12 days before the May 10th court appearance and was informed that I have a spot on one of my lungs.

17. Nevertheless, it has always been and still is my intention of proceeding with the trial of the above stated action, no matter how long it lasts and no matter how long I may have to testify and undergo cross examination.

18. With all due respect for my son and his overwhelming concern for my well being, his role in this case was solely that of counsel for Broadway and he was not authorized to seek a voluntary dismissal of this case and he had no right to do so.

19. There is good cause of action, because the practice by the defendants of barring York from playing new film, even though York is not in substantial coimpetition with suburban theatres in the New Haven area, is an unfair trade practiice in violation of the Connecticut Unfair Trade Practices Act (CUTPA),

Sections 42-110a through 42-110g of the Connecticut General Statutes.

Dated at New Haven, CT, this 11th day of August, 2004.

_____
Robert Spodick

Subscribed and sworn to this 11th day of August, 2004, before me.

_____
Commissioner of the Superior Court
~~Notary Public~~

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed to each of the following counsel of record on August 12, 2004:

>RICHARD W. BOWERMAN, Esq.;
>Tyler, Cooper & Alcorn, LLP
>205 Church Street
>New Haven, CT 06509
>
>JEFFREY A. ROSEN, Esq.
>Sargoy, Stein, Rosen & Shapiro
>1790 Broadway
>New York, NY 10019

_____
MAX F. BRUNSWICK